# **EXHIBIT A**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.:

WILLIAM IRVING AND RUTH IRVING,
    Plaintiffs

v.

MACY'S CORPORATE SERVICES, INC. AND
SCHINDLER ELEVATOR CORPORATION,
    Defendants

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

NOW COMES the Plaintiffs, William and Ruth Irving (collectively "Plaintiffs") in the above-captioned matter and hereby assert the following:

## PARTIES

1. Plaintiff, William Irving (hereafter "Mr. Irving") is an individual living in Burlington, Massachusetts.

2. Plaintiff, Ruth Irving (hereafter "Mrs. Irving") is an individual living in Burlington, Massachusetts.

3. Defendant, Macy's Corporation Services, Inc. ("Macy's") is a foreign corporation with a principal office located at 7 West Seventh Street, Cincinnati, OH 45202.

4. Macy's regularly conducts business within the Commonwealth of Massachusetts, including specifically in Burlington.

5. Defendant, Schindler Elevator Corporation ("Schindler") is a foreign corporation with a principal office located at 20 Whippany Road, Morristown, NJ 07960

6. Schindler regularly conducts business within the Commonwealth of Massachusetts, including specially in Burlington.

## STATEMENT OF FACTS

7. On the morning of October 12, 2016, the Plaintiffs were visiting the Macy's department store located in the Burlington Mall in Burlington, Massachusetts.

8. As of that date, Mrs. Irving was 89 years old and Mr. Irving was 88 years old.

9. The Plaintiffs were in the process of riding the escalator on the first floor up to the second floor and conducting themselves in a safe and reasonable manner.

10. While on the escalator, the Plaintiffs were holding the railing when it suddenly and without warning jerked forward causing both Plaintiffs to fall on the escalator at the same time.

11. Mr. Irving was near the bottom of the escalator when the railing jerked and was caused to fall forward onto his right side. Mr. Irving attempted to get up and fell backwards, tumbling down eight or nine steps causing him to lose consciousness and injuring his head, neck, right knee, hip, elbow and wrist.

12. Mrs. Irving was near the top of the escalator when the railing jerked, and she was suddenly thrown forward which caused her to fall onto her left side on the escalator. As she fell, Mrs. Irving struck her left hand on the marble floor and her face hit the escalator stairs and the escalator began drawing her face into the mechanism.

13. As a result, Mrs. Irving was caused to suffer severe lacerations to her left eyelid, forehead, cheek and neck.

14. Immediately following the incident, the Plaintiffs were transported by ambulance to Winchester Hospital, where they received emergency treatment for their injuries.

15. Mr. Irving was discharged from Winchester Hospital that day, and Mrs. Irving was transported from Winchester Hospital to Lahey Hospital for further trauma evaluation.

16. Due to the stress of the incident, Mrs. Irving suffered atrial fibrillation while at Lahey Hospital and underwent a single chamber permanent pacemaker implantation.

17. The incident occurred at the Macy's in the Burlington Mall which at all relevant times was and currently is owned, managed and operated by the Defendant, Macy's Corporate Services, Inc.

18. On the date of the incident, Schindler was responsible for the operation, care, maintenance, repair and safety of the escalators at that Macy's location.

## COUNT I – NEGLIGENCE
*William Irving and Ruth Irving v. Macy's Corporate Services, Inc.*

19. The Plaintiffs reallege the allegations contained in the foregoing paragraphs and incorporate those allegations by reference as if fully restated herein.

20. At all times mentioned in this complaint, Defendant Macy's owned, managed and operated a department store known as Macy's, located at 1300 Middlesex Turnpike, Burlington Mall, Burlington, Middlesex County, Massachusetts.

21. Macy's invited the general public, including the Plaintiffs, to enter the premises of the department store and to purchase various items from Macy's.

22. Macy's, as owners, managers and operators of a department store have a duty to maintain its premises to ensure the reasonable safety of the general public.

23. Macy's negligently failed to maintain the escalators of the department store in a reasonably safe condition.

24. Macy's allowed a dangerous condition to exist when Macy's knew, or in the exercise of reasonable care should have known, that the escalator defect or malfunction created an unreasonable risk of harm to customers in the store.

25. Macy's failed to warn the Plaintiffs of the danger presented by the presence of the defective or malfunctioning escalator.

26. Macy's failed to otherwise exercise due care with respect to maintenance and repair of the defective or malfunctioning escalator.

27. As a direct and proximate result of the negligence of Macy's as set forth above, the Plaintiffs were caused to fall while using the escalator in the store and have incurred severe and permanent physical injuries, medical expenses, pain and suffering, and other economic losses in excess of $25,000.

## COUNT II – NEGLIGENCE
*William Irving and Ruth Irving v. Schindler Elevator Corporation*

28. The Plaintiffs reallege the allegations contained in the foregoing paragraphs and incorporate those allegations by reference as if fully restated herein.

29. At all times mentioned in this complaint, Defendant Schindler was responsible for the operation, care, maintenance, repair and safety of the escalators at the department store Macy's located at 1300 Middlesex Turnpike, Burlington Mall, Burlington, Middlesex County, Massachusetts.

30. The escalators are located in an area which is open to the general public, including the Plaintiffs, and who are also invited to use said escalators in the Macy's department store.

31. Schindler had a duty to maintain the escalators to ensure the safety of the general public.

32. Schindler negligently failed to maintain the escalators of the department store in a reasonably safe condition.

33. Schindler allowed a dangerous condition to exist when Schindler knew, or in the exercise of reasonable care should have known, that the escalator defect or malfunction created an unreasonable risk of harm to customers in the store.

34. Schindler failed to warn the Plaintiffs of the danger presented by the presence of the defective or malfunctioning escalator.

35. Schindler failed to otherwise exercise due care with respect to maintenance and repair of the defective or malfunctioning escalator.

36. As a direct and proximate result of the negligence of Schindler as set forth above, the Plaintiffs were caused to fall while using the escalator in the store and have incurred severe and permanent physical injuries, medical expenses, pain and suffering, and other economic losses in excess of $25,000.

WHEREFORE, the Plaintiffs pray that, after trial, a judgment be entered in their favor and against Defendants, Macy's Corporation Services, Inc. and Schindler Elevator Corporation and that damages be awarded to the Plaintiffs in an amount to be determined at trial, plus interest, and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES AS PERMITTED BY LAW.**

Dated: 5/18/18

Respectfully submitted,
Plaintiff, William and Ruth Irving,
By their Attorneys,

*[signature]*

Tyler O. Casey, Esq., BBO #681935
David R. Lucas, Esq., BBO #636850
Lucas Law Group, LLC
One Nelson Terrace, Suite D
Melrose, MA 02176
(781) 665-2200
tcasey@LucasLawGroupLLC.com
dlucas@LucasLawGroupLLC.com

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): William Irving and Ruth Irving | | COUNTY Middlesex |
| ADDRESS: 7 Jackson Road | | |
| Burlington, MA 01803 | DEFENDANT(S): | 1- Macy's Corporate Services, Inc. |
| | | 2- Schindler Elevator Corporation |
| ATTORNEY: Tyler O. Casey | | |
| ADDRESS: Lucas Law Group, LLC | ADDRESS: | 1- Macy's Corporate Services, Inc., 7 West Seventh Street, Cincinnati, OH 45202 |
| One Nelson Terrace, Suite D | | |
| Melrose, MA 02176 | | 2- Schindler Elevator Corporation, 20 Whippany Rd, Morristown, NJ 07960 |
| BBO: 681935 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B20 | Person Injury: Slip and Fall/Escalator Injury | F | [X] YES  [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ................................................................................................. $ 65,000
 2. Total doctor expenses .................................................................................................. $ 16,500
 3. Total chiropractic expenses ......................................................................................... $
 4. Total physical therapy expenses .................................................................................. $
 5. Total other expenses (describe below) ........................................................................ $
   Subtotal (A): $ 81,500
B. Documented lost wages and compensation to date ........................................................ $
C. Documented property damages to dated ........................................................................ $
D. Reasonably anticipated future medical and hospital expenses ...................................... $ 10,000
E. Reasonably anticipated lost wages .................................................................................. $
F. Other documented items of damages (describe below) .................................................. $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiffs were injured while on escalator due to malfunction, causing head and neck injuries including facial lacerations.

TOTAL (A-F): $ 91,500

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X _____  Date: 5/18/18

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X _____  Date: 5/18/18

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1881CV01535 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: William Irving et al vs. Macy's Corporate Services, Inc. et al | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Tyler OMeara Casey, Esq. Lucas Law Group One Nelson Terrace Suite D Melrose, MA 02176 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**            **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/23/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 09/24/2018 | |
| All motions under MRCP 12, 19, and 20 | 09/24/2018 | 10/22/2018 | 11/21/2018 |
| All motions under MRCP 15 | 09/24/2018 | 10/22/2018 | 11/21/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 03/21/2019 | | |
| All motions under MRCP 56 | 04/22/2019 | 05/20/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/17/2019 |
| Case shall be resolved and judgment shall issue by | | | 05/25/2020 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time. Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service. This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | | PHONE |
|---|---|---|---|
| 05/25/2018 | Martha Fulham | | (781)939-2760 |