# **EXHIBIT C**

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.  SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 1881CV01535

|  |  |
|---|---|
| WILLIAM IRVING AND RUTH IRVING,<br>Plaintiffs<br><br>v.<br><br>MACY'S CORPORATE SERVICES, INC.,<br>MACY'S RETAIL HOLDINGS, INC. AND<br>SCHINDLER ELEVATOR CORPORATION,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT

NOW COMES the Plaintiffs, William and Ruth Irving (collectively "Plaintiffs") in the above-captioned matter and hereby submit their First Amended Complaint and assert the following:

### PARTIES

1. Plaintiff, William Irving (hereafter "Mr. Irving") is an individual living in Burlington, Massachusetts.

2. Plaintiff, Ruth Irving (hereafter "Mrs. Irving") is an individual living in Burlington, Massachusetts.

3. Defendant, Macy's Corporation Services, Inc. ("Macy's Corporate") is a foreign corporation with a principal office located at 7 West Seventh Street, Cincinnati, OH 45202.

4. Defendant, Macy's Retail Holdings, Inc. ("Macy's Retail") is a foreign corporation with a principal office located at 7 West Seventh Street, Cincinnati, OH 45202.

1

5. Macy's Corporate and Macy's Retail are referred to hereinafter, jointly and severally, as "Macy's".
6. Macy's regularly conducts business within the Commonwealth of Massachusetts, including specifically in Burlington.
7. Defendant, Schindler Elevator Corporation ("Schindler") is a foreign corporation with a principal office located at 20 Whippany Road, Morristown, NJ 07960
8. Schindler regularly conducts business within the Commonwealth of Massachusetts, including specially in Burlington.

## STATEMENT OF FACTS

9. On the morning of October 12, 2016, the Plaintiffs were visiting the Macy's department store located in the Burlington Mall in Burlington, Massachusetts.
10. As of that date, Mrs. Irving was 89 years old and Mr. Irving was 88 years old.
11. The Plaintiffs were in the process of riding the escalator on the first floor up to the second floor and conducting themselves in a safe and reasonable manner.
12. While on the escalator, the Plaintiffs were holding the railing when it suddenly and without warning jerked forward causing both Plaintiffs to fall on the escalator at the same time.
13. Mr. Irving was near the bottom of the escalator when the railing jerked and was caused to fall forward onto his right side. Mr. Irving attempted to get up and fell backwards, tumbling down eight or nine steps causing him to lose consciousness and injuring his head, neck, right knee, hip, elbow and wrist.
14. Mrs. Irving was near the top of the escalator when the railing jerked, and she was suddenly thrown forward which caused her to fall onto her left side on the escalator. As she fell, Mrs.

Irving struck her left hand on the marble floor and her face hit the escalator stairs and the escalator began drawing her face into the mechanism.

15. As a result, Mrs. Irving was caused to suffer severe lacerations to her left eyelid, forehead, cheek and neck.

16. Immediately following the incident, the Plaintiffs were transported by ambulance to Winchester Hospital, where they received emergency treatment for their injuries.

17. Mr. Irving was discharged from Winchester Hospital that day, and Mrs. Irving was transported from Winchester Hospital to Lahey Hospital for further trauma evaluation.

18. Due to the stress of the incident, Mrs. Irving suffered atrial fibrillation while at Lahey Hospital and underwent a single chamber permanent pacemaker implantation.

19. The incident occurred at the Macy's in the Burlington Mall which at all relevant times was and currently is owned, managed and operated by the Defendants, Macy's Corporate Services, Inc. and Macy's Retail Holdings, Inc.

20. On the date of the incident, Schindler was responsible for the operation, care, maintenance, repair and safety of the escalators at that Macy's location.

## COUNT I – NEGLIGENCE
*William Irving and Ruth Irving v. Macy's Corporate Services, Inc.*
*and Macy's Retail Holdings, Inc.*

21. The Plaintiffs reallege the allegations contained in the foregoing paragraphs and incorporate those allegations by reference as if fully restated herein.

22. At all times mentioned in this complaint, Defendant Macy's owned, managed and operated a department store known as Macy's, located at 1300 Middlesex Turnpike, Burlington Mall, Burlington, Middlesex County, Massachusetts.

23. Macy's invited the general public, including the Plaintiffs, to enter the premises of the department store and to purchase various items from Macy's.

24. Macy's, as owners, managers and operators of a department store have a duty to maintain its premises to ensure the reasonable safety of the general public.

25. Macy's negligently failed to maintain the escalators of the department store in a reasonably safe condition.

26. Macy's allowed a dangerous condition to exist when Macy's knew, or in the exercise of reasonable care should have known, that the escalator defect or malfunction created an unreasonable risk of harm to customers in the store.

27. Macy's failed to warn the Plaintiffs of the danger presented by the presence of the defective or malfunctioning escalator.

28. Macy's failed to otherwise exercise due care with respect to maintenance and repair of the defective or malfunctioning escalator.

29. As a direct and proximate result of the negligence of Macy's as set forth above, the Plaintiffs were caused to fall while using the escalator in the store and have incurred severe and permanent physical injuries, medical expenses, pain and suffering, and other economic losses in excess of $25,000.

## COUNT II – NEGLIGENCE
*William Irving and Ruth Irving v. Schindler Elevator Corporation*

30. The Plaintiffs reallege the allegations contained in the foregoing paragraphs and incorporate those allegations by reference as if fully restated herein.

31. At all times mentioned in this complaint, Defendant Schindler was responsible for the operation, care, maintenance, repair and safety of the escalators at the department store

Macy's located at 1300 Middlesex Turnpike, Burlington Mall, Burlington, Middlesex County, Massachusetts.

32. The escalators are located in an area which is open to the general public, including the Plaintiffs, and who are also invited to use said escalators in the Macy's department store.

33. Schindler had a duty to maintain the escalators to ensure the safety of the general public.

34. Schindler negligently failed to maintain the escalators of the department store in a reasonably safe condition.

35. Schindler allowed a dangerous condition to exist when Schindler knew, or in the exercise of reasonable care should have known, that the escalator defect or malfunction created an unreasonable risk of harm to customers in the store.

36. Schindler failed to warn the Plaintiffs of the danger presented by the presence of the defective or malfunctioning escalator.

37. Schindler failed to otherwise exercise due care with respect to maintenance and repair of the defective or malfunctioning escalator.

38. As a direct and proximate result of the negligence of Schindler as set forth above, the Plaintiffs were caused to fall while using the escalator in the store and have incurred severe and permanent physical injuries, medical expenses, pain and suffering, and other economic losses in excess of $25,000.

WHEREFORE, the Plaintiffs pray that, after trial, a judgment be entered in their favor and against Defendants, Macy's Corporation Services, Inc., Macy's Retail Holdings, Inc. and Schindler Elevator Corporation and that damages be awarded to the Plaintiffs in an amount to be determined at trial, plus interest, and costs.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES AS PERMITTED BY LAW.**

Respectfully submitted,
Plaintiff, William and Ruth Irving,
By their Attorneys

Dated: 6/28/18

_____
Tyler O. Casey, Esq., BBO #681025
David R. Lucas, Esq., BBO #636850
Lucas Law Group, LLC
One Nelson Terrace, Suite D
Melrose, MA 02176
(781) 665-2200
tcasey@LucasLawGroupLLC.com
dlucas@LucasLawGroupLLC.com

**CERTIFICATE OF SERVICE**

I, Tyler O. Casey, hereby certify that on this day, the 28th day of June 2018, 2018, I served a copy of the above document, by mailing a copy of same to counsel of record:

James E. Harvey, Jr., Esq.
O'Malley and Harvey, LLP
400 Fifth Avenue, Suite 310
Waltham, MA 02451

Jeffrey Edward Falvey, Esq.
Campbell Campbell Edwards & Conroy, P.C.
1 Constitution Ctr, 3rd Floor
Boston, MA 02129

_____
Tyler O. Casey, Esq.