# EXHIBIT D

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                          SUPERIOR COURT
                                        CIVIL ACTION NO. 1881CV01535

WILLIAM IRVING and RUTH IRVING,         )
          Plaintiffs,                   )
                                        )
v.                                      )
                                        )
MACY'S CORPORATE SERVICES, INC. and )
SCHINDLER ELEVATOR CORPORATION,         )
          Defendants.                   )

### ANSWER OF DEFENDANT MACY'S CORPORATE SERVICES, INC. AND MACY'S RETAIL HOLDINGS, INC (COLLECTIVELY "MACY'S") TO PLAINTIFFS' AMENDED COMPLAINT

Now comes the defendant Macy's and responds to the allegations in the plaintiffs' Complaint as follows:

1.    The defendants are without sufficient information to admit or deny the allegations in paragraph 1.

2.    The defendants are without sufficient information to admit or deny the allegations in paragraph 2.

3.    Admitted.

4.    Admitted.

5.    Denied.

6.    Admitted.

7.    The defendants are without sufficient information to admit or deny the allegations in paragraph 7.

8.    The defendants are without sufficient information to admit or deny the allegations in paragraph 8.

9-11.  The defendants are without sufficient information to admit or deny the allegations in paragraphs 9-11.

12-15. Denied

16-17. The defendants are without sufficient information to admit or deny the allegations in paragraphs 16-17.

18.    Denied.

19.    Denied as to Macy's Corporate Services, Inc.

20.    The defendants are without sufficient information to admit or deny the allegations in paragraph 20.

21.    The defendant repeats its responses to the allegations in paragraphs 1 through 19.

22-29. Denied.

30.    The defendants repeat their responses to the allegations in paragraphs 1 through 29.

31-38. The defendants make no response to the allegations in paragraphs 31 through 38 since these allegations are not made against it.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The defendant says that the plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The defendant says that the plaintiff's alleged injuries and damages were caused by a person or persons for whose conduct this defendant is not responsible.

### Third Affirmative Defense

The defendant states that if the plaintiff suffered injuries or damages as alleged, then said injuries were caused in whole or in part by the negligence of the plaintiff, and that, therefore, their claims are limited or bared outright by the Massachusetts Comparative Negligence statute.

### Fourth Affirmative Defense

The defendant states that if the plaintiff was negligent, then any recovery by the plaintiff shall be reduced by the degree of her negligence.

### Fifth Affirmative Defense

The defendant states that if plaintiff's negligence was greater than the defendant's negligence, then any recovery by the plaintiff shall be barred.

### Sixth Affirmative Defense

The defendant says that this action was not commenced within the time required by the laws providing therefore.

### Seventh Affirmative Defense

The defendant states that if the plaintiff suffered any injury or damage, which the defendant specifically denies, such damage was caused by intervening and superseding acts or omissions of parties other than the defendant, which the defendant could not reasonably have foreseen.

### Eighth Affirmative Defense

The defendant states that this matter should be dismissed pursuant to Mass. R. Civ. P. Rule 12(b)(5) due to insufficiency of service of process.

## THE DEFENDANTS CLAIM A TRIAL BY JURY

## CROSS-CLAIMS

### CROSS-CLAIM COUNT I: BREACH OF CONTRACT

1. The plaintiffs in cross-claim are the defendant Macy's Corporate Services, Inc. and its Affiliates, including Macy's Retail Holdings, Inc. ("Macy's");

2. The defendant in cross-claim is the defendant Schindler Elevator Corporation ("Schindler");

3. On or about July 11, 2010, Macy's and Schindler entered into a Vertical Transportation Agreement ("The Agreement");

4. Under the terms of that Agreement Schindler expressly agreed to name Macy's and its' Affiliates as an additional insured(s) in Schindler's' CGL liability and any excess liability insurance policy(ies). Said insurance coverage was to be primary and non-contributory. Additionally, Schindler waived any right of subrogation. Furthermore, in said insurance policies, Schindler agreed that there shall be no exclusion, limitation nor endorsement contained in said policies that served to restrict or limit Contractual Liability coverage or Completed Operations coverage;

5.      Upon information and belief Schindler breached the terms of said Agreement and failed to name Macy's, or its' Affiliates, as additional insureds.


**WHEREFORE**, the defendants demand judgment against Schindler for breach of contract and seek all applicable attorneys' fees and indemnity, including any judgment or settlement the plaintiffs receive.

## CROSS-CLAIM COUNT II: CONTRACTUAL INDEMNITY

6.      The plaintiff in cross-claim incorporates by reference its allegations contained in paragraphs 1 through 5;

7.      The Agreement provided that "To the fullest extent permitted by law, Contractor (Schindler) **shall** indemnify, defend, and hold harmless Owner (Macy's) and Owner's Affiliates, and their respective employees,…from and against any and all suits, actions,…claims,…damages,…liabilities,…costs and expenses of whatsoever kind or nature arising out of or related to this contract and/or work or Services provided hereunder (including reasonable attorneys' expenses and costs of settlement)("Claims"), which are in any manner directly or indirectly caused,…or contributed to, in whole or in part, by Contractor,…except to the extent of the Owner's negligence,…at which time, Owner would **reimburse** Contractor the proportionate share of the Contractor's reasonable attorneys' fees and any liability to a third party allocable to Owner."

8.      The Agreement requires Schindler to defend Macy's by the use of the term "shall." Further, when there is a claim for personal injury arising out of or related to the Agreement, Schindler is obligated to defend Macy's;

9.      The indemnity provision thus requires that Schindler defend Macy's when a claim is made against Schindler arising out of or relating to Schindler's performance of the Agreement. The plaintiffs' have made such a claim against Schindler. If Schindler is found to be negligent, the Agreement provides that Schindler shall reimburse Macy's to the extent of Schindler's negligence;

10.     The use of the phrase "reimburse" indicates that the defendants agreed that Schindler, in the first instance, would assume the defense of Macy's subject to repayment by Macy's of any defense obligation to the extent of Macy's negligence when determined. Otherwise, the obligation to defend and reimburse would have no meaning.


**WHEREFORE**, the defendants seek judgment against Schindler for all attorneys' fees and indemnity, including any judgment or settlement the plaintiff receives.

## CROSS-CLAIM COUNT III: CONTRIBUTION

11.   The plaintiff in cross-claim incorporates by reference its allegations contained in
paragraphs 1 through 10;

12.   The plaintiffs' alleged injuries and damages were the proximate result of the negligence
of Schindler as alleged by the plaintiffs in their Complaint;

13.   If Macy's was negligent, which Macy's denies, Macy's is entitled to pro-rata contribution
from Schindler, as a joint tort-feasor, pursuant to the provisions of M.G. L. Ch. 231B.

**THE DEFENDANT MACY'S CLAIMS A TRIAL BY JURY ON THEIR CROSS
CLAIMS**

MACY'S CORPORATE SERVICES, INC.
MACY'S RETAIL HOLDINGS, INC.
By their Attorneys,

_____
James E. Harvey, Jr./BBO #224920
Kevin D. McElaney/BBO #546460
O'MALLEY AND HARVEY, LLP
400 Fifth Avenue, Suite 310
Waltham, MA  02451
TEL:  (617) 357-5544
FAX:  (617) 204-3477
jharvey@omalleyharvey.com
kdm@omalleyharvey.com

I hereby certify that a true copy of the above document was
served upon each party appearing pro se and the attorney of
record for each other party by mail on the date shown below

Date: _____   _____